## Von Der Lindte's Estate.

*Wills—Will and codicil—Construction—"Proceeds."*

Where testatrix by the will gave the remainder of her real estate to a trustee to collect the income and pay the same to her two children in equal shares and upon the death of the survivor, to divide the real estate between the issue in equal shares by representation, and by a subsequent clause in her will authorized her trustee to sell the real estate and in such case directed that the "proceeds" of such sale "during the lives of the children should be divided equally between them" and by codicil bearing even date with the will, provided that if one of her children, a daughter, should leave her husband surviving and no issue, he was to have one-half of the income for life, the word "proceeds" was properly held by the lower court to have been used in the sense of profit, interests, or income.

Argued March 22, 1915. Appeal, No. 378, Jan. T., 1915, by Anna Maria Schweinsberg, from decree of O. C. Philadelphia Co., April T., 1914, No. 469, dismissing

1915.]    · Adjudication.

exceptions to adjudication, in Estate of Mari Von der Lindte, deceased.    Before BROWN, C. J., MESTREZAT, ELKIN and STEWART, JJ.    Affirmed.

Exceptions to adjudication.

The adjudication of LAMORELLE, J., was in part, as follows:

Mari Von der Lindte, widow (who died June 6, 1912), devised the remainder of her real estate (after a specific devise of 2117 Orleans street), to her son, William, In Trust, to collect the income therefrom and to pay the same to her two children (William G. and Mary Schweinsberg) in equal shares, and directed that upon the death of the survivor the real estate was to be divided between the "issue in equal shares by representation."

By the succeeding item of her will she appointed her said son, William G. Muhlhauser, executor and trustee, authorized him to sell the real estate and directed that the proceeds of such sale "during the lives of the children should be divided equally between them."

In using the word "proceeds" she must have meant profits, interest, or income.    Otherwise, there is such inconsistency that the two clauses cannot both stand.    By interpreting "proceeds" to mean "profits," we give full weight to the expression "during the lives of the children."    If testatrix had intended a distribution of the principal received from such sale or sales, "during the lives of the children" are meaningless.

That she did not contemplate that a sale terminated the trust, and that she did have in mind a continuing trust ending with the life of the survivor is apparent when we examine the codicil bearing even date with the will and evidently prepared after she had heard the will read, wherein she provides that if the daughter, Mary, shall leave her husband her surviving and no issue, he is to have one-half of the income for life.    This evidences the fact that testatrix had in view a trust, irrespective of the sale of her residuary real estate.

GUMMEY, J., filed the following opinion, dismissing exceptions to the adjudication:

A majority of the court agree with the learned auditing judge that this trust continues until the death of the survivor of the testatrix's children.

Conceding that it is unusual to consider "proceeds" as "income," nevertheless we believe that in adopting this construction we are correctly ascertaining the intention of the testatrix, and, if authority is needed, it is found in Robert's App., 92 Pa. 407.

This view is supported by the language of the codicil which provides that in the event of the death of the testatrix's daughter in the lifetime of her husband, one-half of the income to which the daughter would be entitled to if living shall be paid to the husband for life; while if we are to adopt the construction contended for by the exceptants, the contingent bequest to the husband as well as the estate in remainder given to the daughter's children, if any, could be defeated by a sale of all the real estate and the distribution of the proceeds.

It appears, however, that Katharine Muhlhauser is testamentary guardian of the estate of Mary Theresa Muhlhauser who is still a minor and, therefore, the award in her favor will be paid to her guardian and the adjudication is so amended.

The exceptions are dismissed.

Anna Maria Schweinsberg appealed.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Gustav A. Schwab,* for appellant.

No paper book for appellee.

PER CURIAM, April 19, 1915:

The auditing judge and the court below correctly held that the testatrix intended to use the word "proceeds"

in the last clause of her will in the sense of "income;" and, as she used the word, it must be construed: Roberts's App., 92 Pa. 407. To give the word its literal meaning, would strike down the intention of the testatrix as clearly expressed in her will and in the codicil added threto on the same day it was signed.

Decree affirmed at appellant's costs.